## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN MILLER, on behalf of himself
and others similarly situated,

     Plaintiffs,

       v.

ANTENNA STAR SATELLITES, INC. and
ANTENNA STAR OF PA, INC.,

     Defendants.

CIVIL ACTION NO. 3:06-CV-0647

(JUDGE CAPUTO)

### <u>MEMORANDUM</u>

Presently before the Court is Motion to Dismiss of Antenna Star Satellites, Inc. (Doc. 18).  For the reasons set forth below, the Court will grant Defendants' motion in part and deny it in part.  Plaintiffs' state law claims under the Pennsylvania Wage Payment and Collection Law and the Pennsylvania Minimum Wage Act will be dismissed without prejudice.

### DISCUSSION

Defendants seek dismissal of Plaintiffs' state law claims under the Pennsylvania Wage Payment and Collection Law ("PWPCL") and the Pennsylvania Minimum Wage Act ("PMWA").  Specifically, Defendants request that the Court decline to exercise supplemental jurisdiction over these claims because the state-law actions would substantially predominate over Plaintiffs' federal claim under the Federal Fair Labor Standards Act ("FLSA").

1

**1.    Pennsylvania Wage Payment and Collection Law Claim**

First, Defendants request that the Court decline to exercise supplemental

jurisdiction over Plaintiffs' claims under the Pennsylvania Wage Payment and Collection

Law.  Plaintiffs do not oppose dismissal of the PWPCL claims.  Therefore, the Court will

decline to exercise jurisdiction over Plaintiffs' PWPCL state law claims, and the PWPCL

claims will be dismissed without prejudice.

**2.    Pennsylvania Minimum Wage Act Claim**

Second, Defendants request that the Court decline to exercise supplemental

jurisdiction over Plaintiffs' claims under the Pennsylvania Minimum Wage Act because

the state-law action would substantially predominate over Plaintiffs' federal claim.

The Third Circuit Court of Appeals has noted that:

> Where "the state issues substantially predominate,
> whether in terms of proof, of the scope of the issues
> raised, or of the comprehensiveness of the remedy
> sought, the state claims may be dismissed without
> prejudice and left for resolution to state tribunals." *Gibbs*,
> 383 U.S. at 726.  Generally, a district court will find
> substantial predomination "where 'a state claim constitutes
> the real body of a case, to which the federal claim is only
> an appendage'--only where permitting litigation of all
> claims in the district court can accurately be described as
> allowing a federal tail to wag what is in substance a state
> dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780,
> 789 (3d Cir. 1995) (citation omitted) (quoting *Gibbs*, 383
> U.S. at 727).

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

Plaintiffs counter that Defendants' argument is premature, and that a supplemental

jurisdiction analysis should be delayed until after the FLSA conditional certification

process runs its course.  I find that delaying the analysis would not address the Court's

main concerns involving the exercise of supplement jurisdiction over Plaintiffs' WPCL claims.  As noted by the Third Circuit Court of Appeals, while addressing a substantially similar case:

> Within the section 1367(c) analysis, certain issues of state law presented in the WPCL action also weigh heavily, tilting the balance against the exercise of supplemental jurisdiction.  Pennsylvania courts have not addressed two novel and complex questions of state law squarely presented here: whether a WPCL action may rest on an implied employment contract that relies on alleged oral representations. . . ; and whether the WPCL pertains to at will, non-collective bargaining employees.  The need to resolve these issues, which are better left to the Pennsylvania state courts, weighs in favor of declining supplemental jurisdiction.  28 U.S.C. § 1367(c)(1).

*De Asencio*, 342 F.3d at 311.

The present case also involves the question of whether a WPCL action may rest on an implied employment contract.  This novel and complex question of state law, combined with the potential differences between the FLSA and WPCL classes,  weighs in favor of declining supplemental jurisdiction.  Therefore, I will dismiss Plaintiffs' WPCL claims without prejudice.

## CONCLUSION

Plaintiffs' state law claims under the PWPCL and PMWA will be dismissed without prejudice.  Defendants' motion will be denied in all other respects.

An appropriate Order will follow.


 August 1, 2006          /s/ A. Richard Caputo
Date                     A. Richard Caputo
                         United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARTIN MILLER, on behalf of himself and others similarly situated, | |
| Plaintiffs, | CIVIL ACTION NO. 3:06-CV-0647 |
| v. | (JUDGE CAPUTO) |
| ANTENNA STAR SATELLITES, INC. and ANTENNA STAR OF PA, INC., | |
| Defendants. | |

## ORDER

**NOW**, this __1st__ day of August, 2006, **IT IS HEREBY ORDERED** that Motion to Dismiss of Antenna Star Satellites, Inc. (Doc. 18) is **GRANTED in part** and **DENIED in part**:

1. Defendants' motion is **GRANTED** insofar as it seeks dismissal of Plaintiffs' state law claims under the Pennsylvania Wage Payment and Collection Law ("PWPCL") and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiffs' PWPCL and PMWA claims are **DISMISSED without prejudice**.

2. Defendants' motion is **DENIED** in all other respects.


 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge